FILED

2024 Jun-27  AM 09:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES A. CHILDERS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:23-cv-1671-RDP** |
| | } | |
| **ALLSTATE INSURANCE COMPANY,** | } | |
| | } | |
| **Defendant.** | } | |

### MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff's Motion to Alter or Amend the Order Dismissing Without Prejudice Childers's Claims (Doc. # 24) pursuant to Federal Rule of Civil Procedure 59(e). In his Motion, Plaintiff asks the court to reconsider its grant of Defendant Allstate's[1] motion to dismiss the action without prejudice. (Doc. # 23). The Motion is fully briefed and ripe for consideration. (Docs. # 24, 26-27). For the reasons provided below, Plaintiff's Motion (Doc. # 24) is due to be denied.

## I.      Standard of Review

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 (2008) (quoting 11 C. Wright, A. Miller, et al., Fed. Prac. & Proc. § 2810.1, pp. 127-28 (2d ed. 1995) (footnotes omitted)). The grant or denial of a motion to reconsider is left to the discretion of the district court. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000). However, a moving party

---

[1]The court notes that Defendant's correct name is Allstate Property and Casualty Insurance Company ("Allstate").

must do more than merely ask the court for a reevaluation of an unfavorable ruling. Rather, the general rule is that "[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). While a court may reconsider a prior order, "courts should be loath to do so in the absence of extraordinary circumstances." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1370 (11th Cir. 2003) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

## II.     Analysis

Plaintiff contends the court should reconsider its decision because it was based on a manifest error of law.

### A.     The court did not commit a manifest error of law.

Plaintiff relies primarily on *Industrial Chemical & Fiberglass Corp. v. North River Insurance Co.* to argue that the court misapplied applicable case law. 908 F.2d 825 (11th Cir. 1990). According to Plaintiff, the Eleventh Circuit found that an insured's negligent failure to settle claims were ripe against his insurer at the time the verdict against the insured that was in excess of the insurance policy was entered. However, *Industrial Chemical* is not controlling because that case is easily distinguishable.

In *Industrial Chemical*, a jury rendered an excess verdict against the plaintiff. *Id.* at 828. Following the jury verdict, the plaintiff entered into an indemnity agreement with an excess carrier. *Id.* at 831. The agreement provided that: (1) the excess carrier would post supersedeas bonds for the state court judgments; (2) the excess carrier would pay the costs of appealing the case; (3) the excess carrier would protect the plaintiff from judgments after appeal; and (4) the plaintiff would pursue claims against the primary insurer with the excess carrier paying for counsel. *Id*. In part, the Eleventh Circuit found that "[l]iability of the judgment, not payment of the judgment, creates

the right of action against an insurer who wrongfully failed to settle," and thus an indemnification agreement by one insurance company does not extinguish the claim for negligent failure to settle against the primary insurance company. *Id.* As Plaintiff correctly notes, the Eleventh Circuit rejected the primary insurer's argument that "a cause of action for negligent failure to settle does not accrue until appellate review of the judgment imposing liability is exhausted." *Id.* at 832 n.6 (citing *Romano v. Am. Cas. Co. of Reading, Pa.*, 834 F.2d 968, 969-70 (11th Cir. 1987)).

If that is where this court's analysis stopped, Plaintiff would be correct – his claims would have accrued at the moment the jury entered its verdict. However, the Eleventh Circuit's next sentence explains why *Industrial Chemical* is distinguishable from the present case. In that next sentence, the Eleventh Circuit states that the claim is ripe because the primary insurer "abandoned all effort to reduce the size of the excess judgment when it tendered its defense to [the excess carrier]." *Id.*

Plaintiff argues that this statement does not prevent the application of *Industrial Chemical* in the present case. The court disagrees. By failing to defend the insured on appeal in *Industrial Chemical*, the primary insurer accepted the excess verdict. So, because the primary insurer withdrew from defending the insured plaintiff, "the insurer [could not] plead the continuation of the appellate process…as a defense to its own liability." *Id.* at 832. This crucial fact was the basis for the Eleventh Circuit's decision. But that fact is absent in this case. Here, Defendant is pursuing an appeal on behalf of Plaintiff and challenging the excess verdict. Thus, it was not in any way manifest error for this court to not apply *Industrial Chemical*.

**B.    The court's reliance on *Boyd Brothers* and *Evans* was not a manifest error of law.**

Plaintiff also contends that it was an error for the court to rely on *Boyd Brothers* and *Evans.* In *Boyd Brothers Transportation Co., Inc. v. Fireman's Fund Insurance Cos.*, a third party sued

the plaintiff to recover for damages a plaintiff allegedly caused. 540 F. Supp. 579, 580-81 (Ala. 1982). When the state court entered summary judgment in favor of the third party, the defendant refused to represent the plaintiff on appeal, though it had represented the plaintiff in the underlying litigation. *Id.* at 581. The plaintiff lost on appeal, and the issue returned to the trial court for a damages hearing, which the defendant paid for along with the attorneys' fees. *Id.* After damages were awarded, the plaintiff filed a notice of appeal, but the appeal was ultimately dismissed. *Id.*

Plaintiff argues that *Boyd Brothers* "has absolutely no applicability to this case because it addressed an entirely different accrual rule applicable to first-party claims." (Doc. # 24). Regardless of whether *Boyd Brothers* addressed a first-party or third-party claim, the rationale still applies in this case:

> [I]n cases alleging negligence or bad faith on the part of the insurer in the conducting or settling of litigation, the rule again is that the cause of action does not accrue until the underlying litigation has ended…Clearly the cause of action does not accrue until the litigation is over because the insured has not been injured until there is a final judgment for damages in excess of the policy limits.

540 F. Supp. at 582. That court ultimately found that the underlying litigation ended once the final appeal was dismissed. The court finds this rationale to be persuasive here.

Plaintiff also argues that the court erred in relying on *Evans v. Mutual Assurance, Inc*. 727 So. 2d 66 (Ala. 1999). In *Evans*, the Alabama Supreme Court dismissed the plaintiff's failure to settle claim. *Id.* at 66-67. After a $10 million verdict was returned against the plaintiff, but before the issue was addressed on appeal the case settled. *Id.* at 67. The original insurance policy between the defendant and the plaintiff was valued at $1 million, but the defendant paid the entire $5 million settlement amount. *Id.* The court reiterated the principle that "a cause of action arising out of a failure to settle a third-party claim made against the insured does not accrue unless and until the claimant obtains a final judgment in excess of the policy limits." *Id.* (relying, in part, on *Boyd*

*Brothers*, 540 F. Supp. at 582). As the court explained, because the insurer paid the entire settlement amount, "[the plaintiff] was never subject to a final judgment ordering the payment of money that [he] personally -- and not his insurer -- would have to pay." *Id.* at 68. Plaintiff argues that the present case is distinguishable. That may be so, but that does not mean *Evans*'s rationale is inapplicable. The court did not rely on *Evans* to define a "final judgment" in the context of a failure to settle claim. Rather, the court cited the *Evans* case for the general principle that a cause of action for failure to settle a third-party claim does not accrue until there is a final judgment in excess of the policy limits. *Id.* at 67; *Gillis v. Frazier,* 214 So.3d 1127, 1133 (Ala. 2014); *Hartford Accident & Indemnity Co. v. Cosby,* 173 So. 2d 585 (Ala. 1965). Plaintiff has failed to show that the court's reliance on *Boyd Brothers* and *Evans* was a manifest error of law.

**C.     The decisions of other courts do not establish a manifest error of law.**

Finally, Plaintiff argues that neither Defense counsel nor courts in other third-party failure to settle cases have ever found that dismissal was warranted in similar cases. Thus, Plaintiff argues, this court committed error in dismissing this case without prejudice.

The cases cited by Plaintiff are not binding on this court and, in any event, are distinguishable. For example, in *Michael Cannon v. Progressive Specialty Insurance Co.,* the defendant filed a motion to stay the case pending adjudication of the underlying state court action. No. 2:20-cv-00085-JHE (N.D. Ala.) (Doc. # 6). Plaintiff did not oppose the motion and consented to Progressive's motion to stay the case until *final adjudication* of the underlying state court case. No. 2:20-cv-00085-JHE (N.D. Ala.) (Doc. # 14). The court granted the motion to stay and ordered the parties to "advise the court when a *final judgment* [was] entered in the underlying state-court action." No. 2:20-cv-00085-JHE (N.D. Ala.) (Doc. # 15) (emphasis added). That case was stayed for over a year and a half pending the post-trial motions and the appeal in the underlying state

5

court action. Not once did the plaintiff argue that a final judgment was entered prior to the decision on appeal.[2]

According to Plaintiff, malicious intent is the only conceivable reason for Defendant to seek dismissal in this case when dismissal was neither sought nor ordered in similar cases. But that simply is not so. The court is convinced that in a case such as this, where the court does not (yet) have jurisdiction over the claims because they are premature, the best course is to dismiss without prejudice and permit reopening or refiling when the case or controversy actually ripens. *See Digit. Props., Inc. v. City of Plantation*, 121 F.3d 586, 591 (11th Cir. 1997) (quoting *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.7 (11th Cir. 1989)).

In any event, none of the arguments made by Plaintiff suggest that the court committed any manifest error. On March 13, 2024, the court dismissed the case *without* prejudice (Doc. # 23), allowing Plaintiff the opportunity to reopen the action, when appropriate. Here, Plaintiff cannot proceed until the appeal of the state court's judgment is final. The simple fact is this: Plaintiff does not owe anything to anyone yet. Because Plaintiff does not yet owe anything, he is unable to claim that Defendant must indemnify him.

That is not to say that a court could never decide an issue about the duty to indemnify before final judgment. The Eleventh Circuit recently issued a decision in *Snell v. United Specialty Ins. Co.*, 2024 WL 2717700 (11th Cir. May 28, 2024). In *Snell*, the petitioner argued that the district court's grant of summary judgment on a duty to indemnify claim was premature because there was no final judgment in the underlying case. *Id.* at *7-9. The Eleventh Circuit rejected this argument, holding that the duty to indemnify under Alabama insurance law *can*, at least under some circumstances, be summarily adjudicated before the underlying action reaches judgment. *Id.*

---

[2] The same attorneys who represented the plaintiff in *Cannon* are counsel of record for Plaintiff in this case. (*See* Doc. # 24).

at *9. The court relied on *Tapscott v. Allstate Insurance Co.*,[3] concluding that decision "affirmatively cut[] against Snell's argument." *Id.* at *8. Interpreting the *Tapscott* case, the Eleventh Circuit stated:

> The Alabama Supreme Court "conclude[d] that Allstate [was] not required to defend or indemnify [ ] Tapscott" because the complaint alleged only intentional torts, which were not covered by the policy. *Id.* at 572, 575. However, the court said, "if the complaint [was] later amended to include claims for unintentional torts, then Allstate may be required to defend and indemnify for those claims." *Id.* at 575. Thus, far from holding that a duty to indemnify claim is not ripe until there is an underlying merits judgment, *Tapscott* shows that a court *can* decide at summary judgment that an insurer "is not required to defend *or indemnify*" the insured—although that determination is subject to later developments. *Id.* (emphasis added).

*Id.* In addition, the Eleventh Circuit distinguished the *Snell* case from cases cited by the petitioner. *Id.* at *7-8. So, there are cases where a court can decide there is, as a matter of law, no duty to indemnify before there is a final judgment on the merits of the underlying claim.[4]

However, the *Snell* decision has no effect on the court's analysis here. As the Eleventh Circuit acknowledged, a duty to indemnify is inherently subject to the facts of a particular case. A duty to indemnify may be affected by an amendment to the operative pleading, the facts pled, or the language included in an insurance policy. *See Tapscott*, 526 So. 2d at 575; *see also Ladner & Co., Inc. v. S. Guar. Ins. Co.*, 347 So. 2d 100, 104 (Ala. 1977) ("If the plaintiffs change their theory of liability and assert a claim against Ladner which is covered by the policies, it is very possible that these insurance companies may well be obligated to defend Ladner and to pay any judgment

---

[3] 526 So. 2d 570 (Ala. 1988).

[4] Generally, in those limited circumstances where the duty to indemnify may be determined before a final judgment, it is bad news for a plaintiff seeking indemnification because of a determination that there are no circumstances under which the insurer could be liable for the judgment. *See, e.g., Cincinnati Specialty Underwriters Ins. Co. v. KNS Grp., LLC*, 561 F. Supp. 3d 1298, 1316 (S.D. Fla. 2021), *aff'd*, 2022 WL 5238711 (11th Cir. Oct. 6, 2022) (applying analogous Florida law and finding that "a 'court can determine that the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify'" prior to entry of an underlying final judgment (quoting *Northland Casualty Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001)).

7

which may be rendered against it."). However, claims for failure to settle are simply different. By its very nature, a third-party failure to settle claim is dependent on the insured's legal obligation to the third party. For example, it is as tautological as it is true that if the final liability judgment against the insured is not in excess of the policy limits, and the insurer pays the judgment, there can be no failure to settle a claim under Alabama law. But that is not where this case stands. Until a final judgment has been entered in the underlying action, Plaintiff does not owe anything (yet), and it cannot be said that any failure to settle a case had any legal effect, or for that matter, what that effect was. Only after a judgment is final may Plaintiff say it is due to be indemnified for a loss.

Therefore, Plaintiff has not shown that the dismissal of this action without prejudice (rather than staying it) was a manifest error of law.

## III.    Conclusion

For the reasons explained above, Plaintiff's Motion (Doc. # 24) is **DENIED**.

**DONE** and **ORDERED** this June 27, 2024.

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE